# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STACEY SHEPHARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3564 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### ORDER OF DISMISSAL

Petitioner, a federal prisoner confined at the Bryan Federal Prison Camp in Bryan, Texas, filed this section 2241 habeas petition seeking to change the method by which the balance of her sentence will be served.

Having reviewed the pleadings, the record, public court records, and the applicable law, the Court DENIES the petition and DISMISSES this lawsuit, as follows.

### *Background and Claims*

Petitioner was convicted of conspiracy to make false statements relating to health care matters in the Northern District of Texas, Dallas Division, on January 9, 2017. She was sentenced to twenty-four months' incarceration.

Petitioner contends in this petition that she is entitled to serve the remaining balance of her sentence in a halfway house or similar facility pursuant to the Family Unity Demonstration Project statute (the "Project"). She claims that, because the federal Bureau of Prisons ("BOP") has failed to effectuate the Project, this Court is authorized

under 18 U.S.C. § 3553 to fashion an alternative remedy to effectuate the goals of the statute. She asks that the Court allow her to serve her remaining sentence at a halfway house or similar facility, or on home confinement.

*Analysis*

Petitioner argues that the Project, 42 U.S.C. § 13882, *et seq*., enacted as part of the Violent Crime Control and Law Enforcement Act of 1994, requires the BOP to provide facilities similar to halfway houses for qualifying prisoners who are parents. Congress, however, authorized funds for the Project only through the year 2000. *See* 42 U.S.C. § 13883(a)(1)–(5) (2013). Further, despite the statutory authorization, Congress never actually appropriated funds for the program. *See Soto v. Upton*, C.A. No. 4:17-cv-00154-O, 2018 WL 3196956, *1 (N.D. Tex. June 29, 2018). Because Congress never funded the Project, the BOP was never authorized to implement the Project. Thus, the statutory provisions setting forth the terms of the Project afford petitioner no basis for modification of her sentence.

In the alternative, petitioner argues that, because the BOP failed to effectuate the Project, this Court is empowered to fashion an alternative remedy to effectuate the goal that Congress sought to achieve. Petitioner relies on 18 U.S.C. § 3553 as a basis for such relief; however, section 3553 does not apply once a sentence has been imposed. *See id.*, at *2.

This Court may modify a term of imprisonment after it has been imposed under very limited circumstances set forth under 18 U.S.C. § 3582(c). Those circumstances are:

(1) when the Director of the BOP asks the Court to reduce a term of imprisonment because "extraordinary and compelling reasons warrant such a reduction," or because the defendant is seventy years of age, has served at least 30 years in prison, and does not pose a danger; (2) when permitted by statute or by Federal Rule of Criminal Procedure 35; and (3) when a sentencing range is subsequently lowered by an amendment to the U.S. Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)–(2). Petitioner's section 2241 petition has not shown that any of these avenues for post-judgment sentence modification are available in her case. Consequently, she has not shown that this Court is authorized to "fashion an alternative remedy" by granting her a modification of her sentence.

## *Conclusion*

Petitioner's section 2241 petition for habeas relief is DENIED, and this case is DISMISSED WITH PREJUDICE. To the extent necessary, a certificate of appealability is DENIED.

Signed at Houston, Texas, on October 31, 2018.

_____
Gray H. Miller
United States District Judge